IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WARREN MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN; and OFFICER JONES,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:22-cv-60 |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS** Plaintiff's claim against Defendant Warden.[1]  However, I **FIND** that one of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's excessive force claim against Defendant Officer Jones.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff alleges he was assaulted by Defendant Officer Jones on June 25, 2022.  Doc. 1 at 5.  Plaintiff states Defendant Officer Jones slammed the tray flap down on his hand while yelling profanities.  Id.  A different officer took Plaintiff to medical to treat his hand, which was "colored and swollen."  Id.  Plaintiff seeks monetary damages as relief.  Id. at 6.

---

[1]　　Plaintiff has consented to the undersigned's plenary review.  Doc. 7.

[2]　　All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal

particularity how overt acts of the defendant caused a legal wrong."). As to Defendant Warden, Plaintiff fails to describe how this person is connected to any constitutional violation. In fact, Plaintiff only includes Defendant Warden in the caption of the Complaint. Accordingly, I **DISMISS** the claim against Defendant Warden.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the following portions of Plaintiff's Complaint: Plaintiff's claim against Defendant Warden. However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: the excessive force claim against Defendant Officer Jones.

**SO ORDERED**, this 21st day of February, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA