IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WARREN MITCHELL,<br><br>            Plaintiff,<br>    v.<br><br>OFFICER JONES,<br><br>            Defendant. | CIVIL ACTION NO.: 5:22-cv-60 |

**O R D E R**

Defendant filed a Motion in Limine.  Doc. 27.  Defendant seeks exclusion of four separate categories of evidence: (1) Georgia Department of Corrections' policies and procedures; (2) evidence of liability insurance; (3) any expert testimony regarding Plaintiff's medical condition; and (4) statements of out-of-court declarants.  Id.  Plaintiff has not responded to Defendant's Motion, and the time to do so has expired.  For the reasons stated below, I **DENY in part** and **GRANT in part** Defendant's Motion in Limine.

**DISCUSSION**

As a preliminary matter, motions in limine typically present pretrial issues of admissibility of evidence that are likely to arise at trial.  A motion in limine should provide notice of the movant's position to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial.  Motions in limine merely asking the court to apply the law or the Federal Rules of Evidence are disfavored.  Such general concerns about the admissibility of evidence and propriety of argument should be raised as the issues come up at trial.  A court has the power to exclude evidence in limine when evidence is clearly inadmissible on all potential grounds and for any purpose.  Luce v. United States, 469 U.S. 38, 41 (1984)

(noting federal district courts have authority to make in limine rulings based on their authority to manage trials).

I.      **Evidence Related to Georgia Department of Corrections' Policies and Procedures**

Defendant argues testimony related to violations of Georgia Department of Corrections' ("GDOC") policies and procedures is irrelevant and should be excluded Federal Rules of Evidence 402 and 403.  Doc. 27-1 at 2–3.  Plaintiff has not responded to Defendant's request.

Plaintiff is suing Defendant under 42 U.S.C. § 1983 and the Eighth Amendment for the use of excessive force.  The relevant inquiry at trial will not be whether Defendant violated GDOC policies but whether Defendant violated Plaintiff's constitutional rights.  Defendant has also raised an affirmative defense of qualified immunity.  Doc. 19 at 1.  Whether Plaintiff attempts to introduce evidence of GDOC policy violations to prove his underlying § 1983 claim or to overcome a possible assertion of qualified immunity, policy violations are not relevant to whether Defendant violated Plaintiff's rights or violated clearly established law.  See Davis v. Scherer, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.").

Furthermore, Federal Rule of Evidence 403 permits the Court to exclude even relevant evidence if its value is substantially outweighed by the danger it may confuse the jury.  See, e.g., Knight through Kerr v. Miami-Dade County, 856 F.3d 795, 813 (11th Cir. 2017) (affirming trial court's decision to exclude policy violation evidence in a case about a Fourth Amendment violation because of, in part, the risk of juror confusion).  Presentation of evidence related to a violation of GDOC policy in this case will very likely present significant risk of juror confusion.  GDOC policies may very well impose a different standard—and potentially more restrictive

2

standard—than the constitutional standard at issue in this case. Even if the GDOC policy violations were relevant, there is no indication the policy violations would be so vital to Plaintiff's case as to outweigh the substantial risk of juror confusion. Therefore, evidence that Defendant violated a GDOC policy could strongly suggest to the jury a constitutional violation had occurred. A curative instruction would not adequately eliminate this confusion. For these reasons, the Court **GRANTS** this portion of Defendant's Motion in Limine.

## II.   Evidence Related to Liability Insurance

Defendant argues testimony regarding liability insurance is irrelevant and should be excluded. Doc. 27-1 at 3. Plaintiff did not respond to Defendant's request.

Rule 411 prohibits the introduction of evidence about a party's liability insurance (or lack of insurance) to prove that party acted negligently or otherwise wrongfully. Such evidence may be admitted for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control. Therefore, Plaintiff may not introduce evidence of Defendant's liability insurance at trial, including reference to the Georgia Department of Administrative Services, to prove Defendant acted negligently or wrongfully. To the extent Plaintiff intends to offer evidence of liability insurance to prove some other fact, Plaintiff must notify the Court outside of the presence of the jury and before presenting the evidence in open court so the Court may determine if that evidence is admissible. Accordingly, the Court **GRANTS** this portion of Defendant's Motion in Limine.

## III.   Expert Testimony Related to Plaintiff's Medical Conditions

Defendant asks the Court to exclude any evidence as to the causation or exacerbation of any medical condition, specifically because evidence of a medical condition generally requires expert testimony. Id. Defendant argues Plaintiff has not disclosed an expert on the issue of

causation or exacerbation of any medical condition.  Defendant acknowledges Plaintiff may present lay testimony about his symptoms.  Plaintiff has not responded to Defendant's request.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose any expert witness a party intends to use at trial.  In addition, if the witness intends to proffer expert testimony, the disclosure must be accompanied by a written report.  Because Plaintiff has not disclosed an expert, Plaintiff shall not be allowed to present any expert witness, and Plaintiff may not refer to any expert witness during argument.

Additionally, Plaintiff may not present expert opinions through his own (Plaintiff's) testimony or lay witness testimony.  Rule 701 states lay witness testimony is limited to testimony not based on scientific, technical, or other specialized knowledge.  Federal Rules of Evidence 701, 702, 703, 704, and 705 and cases interpreting those Rules govern the line between lay and expert testimony generally, and the Court will apply those Rules as necessary at trial.

For these reasons, I **GRANT** this portion of Defendant's Motion in Limine seeking to exclude expert testimony related to Plaintiff's medical condition.  Plaintiff may not present any expert witness at trial.  Additionally, to the extent Plaintiff seeks offer any testimony about medical causation that "presents a technical and scientific issue that requires the specialized knowledge of an expert medical witness," Plaintiff may not introduce such testimony through any witness.  Wingster v. Head, 318 F. App'x 809, 815 (11th Cir. 2009).  However, I make no determination at this time whether Plaintiff may offer some lay testimony about how Defendant's alleged conduct caused Plaintiff's injuries.  That determination must be made at trial based on the presentation of the evidence.  See, e.g., In re Am. Airlines Flight 331, No. 10-20131-CV, 2013 WL 12340397, at *2 (S.D. Fla. Oct. 24, 2013) (precluding lay witness

testimony on medical causation but allowing lay witness testimony about any "obvious causal connection" between the plaintiff's physical and emotional injuries and the underlying conduct).

### IV.     Statements From Out-of-Court Declarants

Defendant asks the Court to exclude written statements from inmates as inadmissible hearsay.  Doc. 27-1 at 4.  Plaintiff has not responded to Defendant's request and has not submitted a proposed exhibit list.  Defendant has not identified specific exhibits or explained exactly what makes these potential inmate declarations inadmissible hearsay, beyond a simple application of the Federal Rules of Evidence.

To the extent Plaintiff intends to introduce any inmate declarations, the admissibility of this evidence will be governed by Federal Rule of Evidence 801.  Rule 801 explains an out-of-court statement offered to prove the truth of the matter asserted in that statement is inadmissible hearsay.  However, there are a number of exceptions to the prohibition on hearsay statements.  Therefore, admissibility of such evidence must be determined based on the context in which the evidence is presented at trial.  Thus, the Court **DENIES** this portion of Defendant's Motion in Limine.  Plaintiff should be aware of the prohibitions in Rule 801 and adhere to the Rule at trial.  Defendant remains free to object at trial to any hearsay statements Plaintiff proffers.

### CONCLUSION

For the reasons and in the manner set forth above, I **DENY in part** and **GRANT in part** Defendant's Motion in Limine.  Doc. 27.

**SO ORDERED**, this 11th day of March, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA